1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   LACY LAMOIRE,                          No. 2:19-CV-1285-KJM-DMC

12                 Plaintiff,

13          v.                               <u>FINDINGS AND RECOMMENDATIONS</u>

14   WESTERN AREA POWER
     ADMINISTRATION, et al.,
15
                   Defendants.
16

17

18          Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the

19   court is defendant Western Area Power Administration's unopposed motion to dismiss and

20   remand (ECF No. 7).

21

22                              **I.  BACKGROUND**

23          Plaintiff initiated this case as a small claims action filed in the Shasta County

24   Superior Court.  <u>See</u> ECF No. 1-1 (Notice of Removal, Exhibit A).  Plaintiff names the following

25   as defendants: (1) Western Area Power Administration (WAPA); (2) Sayers Construction, LLC;

26   and (3) Foothills Energy Services, Inc.  <u>See</u> <u>id.</u>  Plaintiff alleges defendants are liable for

27   $10,000.00 in property damages.  <u>See</u> <u>id.</u>   Specifically, plaintiff claims: "Destruction of property;

28   failure to clean up and restore property to the <u>original</u> condition (emphasis in original)."  <u>Id.</u>

1    Defendant Western Area Power Administration removed the action to this court pursuant to 28

2    U.S.C. § 1442(a)(1) because it is a federal agency.  See ECF No. 1.

3

4                                    **II. DISCUSSION**

5            In its unopposed motion to dismiss, defendant WAPA argues that it must be

6    dismissed under the doctrine of derivative jurisdiction and that the matter should be remanded as

7    to the remaining defendants.

8            In cases removed under 28 U.S.C. § 1442, the federal court's jurisdiction is

9    derivative of the state court's jurisdiction.  See Cox v. United States Dep't of Agriculture, 800

10   F.3d 1031, 1032 (9th Cir. 2015); In re Elko City Grand Jury, 109 F.3d 554, 555 (9th Cir. 1997).

11   "If the state court lacks jurisdiction of the subject matter or of the parties, the federal court

12   acquires none."  Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co., 258 U.S. 377, 382 (1922).

13   Thus, if the state court lacked jurisdiction over a given matter, the case was a nullity when filed

14   and the district court could not acquire jurisdiction through removal under § 1442.  See F.B.I. v.

15   Superior Court of Cal., 507 F. Supp. 2d 1082, 1090 (N.D. Cal. 2007) (citing Beeman v. Olson,

16   828 F.2d 620, 621 (9th Cir. 1987)).  Though Congress eliminated the doctrine of derivative

17   jurisdiction for actions removed under 28 U.S.C. § 1441, see 28 U.S.C. § 1441(f), the doctrine

18   remains applicable to removals under § 1442, see Cox, 800 F.3d at 1032; see also Glass v. Nat'l

19   R.R. Passenger Corp., 570 F. Supp. 2d 1180, 1183 (C.D. Cal. 2008); Munshower v. City of Lodi,

20   2016 WL 6875905 (E.D. Cal. 2016).

21           According to defendant:

22                   As discussed, Plaintiff sued WAPA in Shasta County Superior
                 Court for alleged property damage, but the United States has not waived
23               the sovereign immunity of its agencies for such lawsuits in state court.
                 F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign
24               immunity shields the Federal Government and its agencies from suit.");
                 Cox, 800 F.3d at 1032 ("Because the record contains no evidence that
25               USDA waived its sovereign immunity to the Coxes' petition, the Nevada
                 state court lacked jurisdiction over the action."). Instead, under the Federal
26               Tort Claims Act ("FTCA"), federal district courts have "*exclusive*
                 jurisdiction" over civil actions for property damage against the federal
27               government. 28 U.S.C. § 1346(b) (emphasis added); Glass, 570 F. Supp.
                 2d at 1181–82; Munshower, 2016 WL 6875905, at *2 ("The state court
28               lacked subject matter jurisdiction over [the plaintiff's] tort claims because

                                             2

district courts have exclusive jurisdiction of FTCA suits.").

        Accordingly, because the Shasta County Superior Court lacked jurisdiction over Plaintiff's claim against WAPA, this Court likewise lacks jurisdiction by operation of the derivative-jurisdiction doctrine. It is irrelevant that WAPA is the party that removed the action to federal court, *Glass*, 570 F. Supp. 2d at 1181-82, or whether Plaintiff could have filed this action in federal court in the first instance. [footnote omitted]. *See Beeman*, 828 F.2d at 621. Plaintiff's claim against WAPA must be dismissed, and her remaining claims against Sayers Construction and Foothills Energy Services must be remanded to state court. *See e.g.*, *Glass*, 570 F. Supp. 2d at 1183 (dismissing claims against the United States pursuant to the derivative jurisdiction doctrine, and remanding claims against the remaining parties to state court); *Munshower*, 2016 WL 6875905, at *2 (same).

Defendant's argument, which is unopposed, is persuasive. As defendant correctly notes, under the provisions of the waiver of sovereign immunity contained in the FTCA, the federal district courts have <u>exclusive</u> jurisdiction over claims against WAPA. <u>See</u> 28 U.S.C. § 1346(b)(1). Because the federal court's jurisdiction over plaintiff's claims against WAPA is exclusive, the state court lacked any jurisdiction over such claims when the action was initiated in that court. Thus, under the doctrine of derivative jurisdiction, this court acquired none when it was removed under 28 U.S.C. § 1442. This remains true even though this court would have had jurisdiction over plaintiff's claims against WAPA if plaintiff had initiated the action directly in this court. <u>See</u> <u>Minnesota v. United States</u>, 305 U.S. 382, 289 (1938) (discussing derivative jurisdiction doctrine as it applied to removals under 28 U.S.C. § 1441 prior to amendment). As this court never acquired any jurisdiction over plaintiff's claims against WAPA incident to defendant's removal from state court, it must be dismissed as a defendant to this action. <u>See</u> <u>Munshower</u>, 2016 WL 6875905, at *2.

Here, plaintiff has presented claims against private parties in addition to WAPA. Specifically, plaintiff has sued Sayers Construction, LLC, and Foothills Energy Services, Inc. Under 28 U.S.C. § 1367(a), this court may exercise supplemental jurisdiction over all claims related to claims over which the court has original subject matter jurisdiction. Because, however, this court never acquired subject matter jurisdiction when the matter was removed, it lacks jurisdiction at all and cannot exercise supplemental jurisdiction over plaintiff's claims against the private parties. Plaintiff's claims against the private parties should be remanded to state court.

Judge Mendez addressed a situation similar to the one presented in this case in _Munshower_. In that case, Judy Munshower filed suit in state court against the City of Lodi. _See_ 2016 WL 6875905. The City of Lodi filed a cross-complaint in state court against the United States Postal Service (USPS). _See id._ USPS removed the action to federal court under 28 U.S.C. § 1442 and moved to dismiss, arguing the derivative jurisdiction doctrine barred the action against it. _See id._ Judge Mendez agreed and concluded the state court lacked jurisdiction over the City of Lodi's claims against USPS because jurisdiction over such claims is exclusive to the federal court. _See id._ Judge Mendez also determined that the derivative jurisdiction doctrine applied and held that the federal court acquired no jurisdiction by virtue of the removal under § 1442. _See id._ Finally, having concluded that the federal court lacked any jurisdiction over the case upon removal, Judge Mendez remanded the remainder of the case back to state court. _See id._

Plaintiff cannot proceed against WAPA in state court. To the extent plaintiff seeks relief against WAPA (or the United States, which would be the proper party in a FTCA action), he must re-file directly in federal court, which could then exercise supplemental jurisdiction over the private parties. If plaintiff wishes to remain in state court, he may only proceed against the private parties.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

## III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.       Defendant WAPA's unopposed motion to dismiss (ECF No. 7) be granted;

2.       Defendant WAPA be dismissed; and

3.       The action be remanded to the Shasta County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 16, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5